## BILLS OF EXCEPTIONS.

[Hamilton Circuit Court, 1898.]

Cox, Smith and Swing, JJ.

### JANDER V. JANDER.

JURISDICTION OVER BILL OF EXCEPTIONS LOST BY DELAY IN PRESENTING.

A trial judge has no jurisdiction to consider or sign a bill of exceptions presented on the forty-sixth day after the overruling of a motion for a new trial.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This case is in this court on error. The bill of exceptions as appears from the record and original papers was not presented to the Judge until the forty-sixth day after the overruling of the motion for a new trial, and was not signed by the Judge until the fifty-first day. The bill not having been presented to the Judge until the forty-sixth day after the motion for a new trial was overruled, the Judge was without jurisdiction to consider or sign the same. It is therefore not a bill of exceptions within the meaning of the law, and can not be considered as such in this court. It will therefore be stricken from the files.

It appearing that the only errors claimed here are founded on the bill of exceptions and the bill being out of the case, there is nothing to be done except to affirm the judgment and this is accordingly done.

*Gustav R. Werner*, for plaintiff in error.

*W. W. Prather*, contra.

---

## ERROR.

[Hamilton Circuit Court, 1898.]

Day, Price and Norris, JJ.

(Sitting in the First Circuit.)

### CINCINNATI BRICK CO. V. JOHN EVANS.

OVERRULING MOTION TO DIRECT A VERDICT OR FOR NEW SUIT IS NOT A FINAL ORDER.

The mere overruling of a motion to direct a verdict or for a non-suit is not a final order affecting a substantial right or deciding the case, and error does not lie.

ON ERROR to the Common Pleas of Hamilton county.

DAY, J.

*Herron, Gatch & Herron*, for plaintiff in error.

*Wm. Littleford*, contra.